# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **K.P.**

**No. 20-0575** (Mercer County 19-JA-67-DS)

**FILED**
**February 2, 2021**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father B.P., by counsel William O. Huffman, appeals the Circuit Court of Mercer County's June 22, 2020, order terminating his parental rights to K.P.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem, John E. Williams Jr., filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights rather than employing a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2019, the DHHR filed a child abuse and neglect petition against petitioner and the child's mother based upon allegations of drug abuse. Specifically, the DHHR alleged that the mother abused drugs during her pregnancy and gave birth to K.P., who tested positive for morphine and codeine. At birth, the child exhibited substantial signs of withdrawal, and the mother admitted to abusing heroin within the week prior to the child's birth, as well as at other times throughout the pregnancy. The DHHR further alleged that a Child Protective Services ("CPS") worker spoke to petitioner, who denied abusing drugs and denied knowledge of the mother's drug abuse. The DHHR alleged that the CPS worker implemented a safety plan, and petitioner agreed to provide the child with a crib and other necessities. However, petitioner failed to deliver those items to the safety resource person who was put in place and later admitted to abusing nonprescribed

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

buprenorphine. Further, petitioner failed to visit with the child during the time the safety plan was in effect.

Following the petition's filing, the child underwent a battery of medical testing due to significant medical issues. The child was diagnosed with a rare genetic chromosomal disorder which caused severe hearing and vision loss.[2]

The circuit court held an adjudicatory hearing in August of 2019, wherein petitioner stipulated to the allegations contained in the petition. Specifically, petitioner stipulated that he "neglect[ed the child] by drug abuse." The circuit court accepted petitioner's stipulation, adjudicated him as an abusing parent, and granted him a post-adjudicatory improvement period. Although services were offered, petitioner never met with the multidisciplinary team ("MDT") to develop a case plan aimed at addressing the conditions of abuse and working towards reunification with the child. As such, the DHHR filed a motion to terminate petitioner's parental rights in January of 2020.

The circuit court held a dispositional hearing in January of 2020. Petitioner was present, having been transported from his place of incarceration, and represented by counsel; however, the circuit court was advised that petitioner had been arrested on felony charges in two counties, which resulted in his incarceration. A CPS worker testified that petitioner failed to attend a single MDT meeting following adjudication and "was not available" for in-home services. A service provider testified that petitioner completed a "generalized form of parenting" classes and was compliant "[f]or the most part." The service provider stated that petitioner's compliance with supervised visitation was "sketchy." However, another service provider testified that petitioner regularly attended supervised visitation with the child prior to his incarceration. After hearing evidence, the circuit court terminated petitioner's parental rights upon finding that it was in the best interest of the child and that there was no alternative to the termination of his parental rights. The circuit court noted that the child "has tremendous challenges and difficulties" which require "24/7" care. The circuit court also noted that petitioner had been granted an improvement period but was incarcerated during the proceedings and showed little progress.

Following the issuance of that dispositional order, petitioner did not timely file an appeal. However, petitioner moved the circuit court to reenter the dispositional order for the purposes of appeal, and the circuit court granted the motion. Accordingly, petitioner now appeals the June 22, 2020, dispositional order terminating his parental rights to the child.[3]

The Court has previously established the following standard of review in cases such as this:

---

[2]The record indicates that the child's chromosomal disorder is so rare that approximately only 350 people worldwide have been diagnosed with the disorder. Testimony at the dispositional hearing established that the child would essentially always need constant care for his medical needs.

[3]According to the guardian, the mother's parental rights were also terminated. The permanency plan for the child is adoption by his foster parents.

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating his parental rights without "examining" less-restrictive alternatives.[4] According to petitioner, the petition largely surrounded the mother's drug abuse, of which he claims he was unaware. Petitioner also points out that he had no control over the child's chromosomal disorder. Petitioner states that he stipulated to neglect by drug abuse and successfully complied with his improvement period. Petitioner argues that the service providers testified at the dispositional hearing that he actively engaged in services and visited with the child regularly before his incarceration. Petitioner contends that the DHHR presented no evidence that he continued to use drugs. Nonetheless, the circuit court imposed the most drastic disposition available: termination of his parental rights. Petitioner avers that there was simply insufficient evidence to support a finding that there was no reasonable likelihood that he could correct the conditions of abuse in the near future or that termination was in the child's best interest.

---

[4]In support of petitioner's argument that the circuit court failed to examine less-restrictive alternatives to the termination of his parental rights, he states that "[a]t a minimum, [petitioner] would assert that he should have received a dispositional improvement period." However, petitioner fails to cite to the record demonstrating that he requested a post-dispositional improvement period and further fails to provide any relevant citations to authority in support of his claimed entitlement to a post-dispositional improvement period. This failure to cite to the record or any applicable law is in direct contravention of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requiring that

[t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

West Virginia Code § 49-4-604(c)(6) provides that circuit courts are to terminate parental rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. West Virginia Code § 49-4-604(d)(3) provides that a situation in which there is "[n]o reasonable likelihood that [the] conditions of neglect or abuse can be substantially corrected" includes when the abusing parent has

> not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

The evidence demonstrates that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future as he failed to adequately respond to services or show that he sufficiently corrected the conditions of abuse or neglect. Petitioner failed to attend a single MDT meeting following his adjudication and failed to assist in the development of a case plan to address the issues of abuse. While testimony at the dispositional hearing demonstrated that petitioner completed a portion of his parenting classes and attended some visits with the child, the fact remains that petitioner engaged in behavior that resulted in his incarceration during the proceedings with pending felony charges. As such, petitioner essentially was precluded from further addressing the conditions of abuse. Petitioner remained incarcerated as of the dispositional hearing, provided no anticipated release date, and was not in a stable position to care for the child, who requires extensive care due to his chromosomal disorder. We find that petitioner's completion of one portion of his parenting classes and his handful of visits with the child prior to his incarceration are insufficient to show that he remedied the conditions of abuse. Based on the foregoing, it is clear that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination was necessary for the child's welfare. While petitioner claims the circuit court should have imposed a less-restrictive alternative to the termination of his parental rights, we have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). In sum, the circuit court's findings are fully supported by the record below, and we find no error in the termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 22, 2020, order is hereby affirmed.

4

Affirmed.

**ISSUED**:  February 2, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton